SEBOLY *v.* SEBOLY.

4-7706                                              188 S. W. 2d 625

Opinion delivered July 9, 1945.

*Giles Deering* and *Cecil B. Nance,* for appellant.

*James C. Hale,* for appellee.

McHaney, J. Appellant, the father of appellee, brought this action against his son to cancel a deed executed by him and his wife to his son to eighty acres of land in Crittenden county, described as the northeast northeast and southeast southeast 10-8-6, on February 27, 1943. He alleged that said deed was intended by him to be a testamentary disposition of said land to his son, was retained by him and never delivered to his son, and that he intended to keep the title to said lands until his death; that about two weeks before this suit was brought, in going through his papers, he found that said deed had been surreptitiously removed therefrom without his knowledge or consent; and that it had been recorded on September 14, 1943.

Appellee denied all these allegations, and alleged that both his father and mother were old and afflicted with tuberculosis; that he and his wife lived in Illinois where he had been gainfully employed for a number of years; that he was requested by his father and sister to come back to Arkansas and take care of his parents, which they did, giving up his position in Illinois and moving to his father's home where he and his wife nursed his father and mother back to health, at a great financial sacrifice to appellee; that his father, in order to compensate appellee for loss of income, to permit him to earn

a livelihood, for his love and affection and to induce him to remain and care for them, voluntarily gave said deed to him, expressing the desire that he take immediate possession of said land, the farming equipment and the livestock, which he did; that appellant sent for the scrivener, directed the preparation of said deed, inspected same after its preparation, approved it, and, thereupon, executed and delivered it to him in the presence of said scrivener; that he has kept his agreement to care for and maintain his father and mother; and that he stands ready to continue to do so in keeping with his contract.

Trial resulted in a decree dismissing appellant's complaint for want of equity, and in doing so the court found that no fraud was practiced by appellee on his father in obtaining the conveyance of the real estate to him or in procuring the instrument and recording same; that a proper delivery of the deed was made by the grantor directly to the grantee for a good and valid consideration; that the consideration was a contract between the parties whereby appellee was to keep and maintain his father and mother, furnish them with a home and the necessities of life for the remainder of their natural lives; and that appellee has so attempted to perform his part of the contract and has performed in such a manner as to render an action for cancellation premature.

We think only a question of fact is presented by this appeal. It is undisputed that appellant and his wife executed the deed in the home and acknowledged same before the notary. Only appellant and his wife testified for him and they each admitted its execution and acknowledgment. They denied that the deed was delivered to appellee, and said that it was kept by appellant in his suitcase with other papers and was not to be delivered until after his death. This testimony of non-delivery was contradicted by appellee and his wife and by the notary, all of whom said that, after the deed was signed by appellant and acknowledged by his wife, separate and apart from her husband, was then attested by the notary who handed it to appellant and he in turn handed it to appellee. We agree with appellant that the preponderance of

the evidence is with appellee, but we cannot agree with the contention that the evidence of appellant and his wife is clear, cogent and convincing. Appellant in particular was not a very frank witness. He refused to answer a number of pertinent questions asked him and we think the court was justified in refusing to accept such testimony as true.

The rule in this state is that, where a deed is signed, acknowledged and delivered to the grantee, who filed it for record, the presumption is that the delivery was intended, and the burden is on the grantor to show that the deed was wrongfully delivered. *Vaughn* v. *C., R. I. & P. R. Co.,* 120 Ark. 37, 179 S. W. 165. In *Ellis* v. *Shuffield,* 202 Ark. 723, 152 S. W. 2d 535, we held that, the presumption of delivery arising from the recording of a deed, duly acknowledged, is a rebuttable one and is overcome by clear and decisive evidence. We think the preponderance of the evidence shows that the deed was delivered and that appellant intended to pass the title to his son in consideration of the agreement for support and maintenance stated above. The fact that the son, appellee, left a position, paying him about $3,000 per year, to come to take care of his ill and elderly father and mother, and that he has been and still is doing so at a financial sacrifice, not only furnishes a good consideration for the transfer, but is strongly persuasive of the truth of his testimony regarding the transaction.

The decree will be affirmed, but with leave to appellant to bring another action to cancel at any time there is a failure by appellee to perform in good faith the obligation of care assumed by him.